**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT

DATE: 06/26/2026 @ 4:09 pm

TAPE: FTR

TIME IN COURT: 12 mins

| MAGISTRATE JUDGE | J. ELIZABETH McBATH | COURTROOM DEPUTY CLERK: Neethu Varghese |
|---|---|---|

CASE NUMBER: 1:26-MJ-00694-JEM

DEFENDANT'S NAME: Marco Herrera-Robles

AUSA: Cole McFerren ~~Katie Terry~~

DEFENDANT'S ATTY: Chelsea Champion

USPO / PTR: _____

( ) Retained  ( ) CJA  ( X ) FDP  ( ) Waived

EXHIBITS [ ] Yes  [ ] No

✓ ARREST DATE  06/26/2026

✓ Initial appearance hearing held.

✓ Defendant informed of rights.

____ Interpreter sworn: _____

## COUNSEL

✓ ORDER appointing Federal Defender as counsel for defendant.

____ ORDER appointing _____ as counsel for defendant.

____ ORDER: defendant to pay attorney's fees as follows: _____

## IDENTITY / PRELIMINARY HEARING

✓ Defendant ORALLY WAIVES identity hearing.

✓ WAIVER FILED

____ Identity hearing HELD.  ____ Def is named def. in indictment/complaint; held for removal to other district.

____ Defendant ORALLY WAIVES preliminary hearing in this district only.  ____ WAIVER FILED

____ Preliminary hearing HELD.  ____ Probable cause found; def. held to District Court for removal to other district

____ Commitment issued. Detention hearing to be held in charging district

## BOND/PRETRIAL DETENTION HEARING

____ Government motion for detention filed .  _____ @

____ Pretrial hearing set for _____ @ _____  ( ) In charging district.)

✓ Bond/Pretrial detention hearing held.

____ Government motion for detention  ( ) GRANTED  ( ) DENIED

____ Pretrial detention ordered.  ____ Written order to follow.

✓ BOND set at $10000  ✓ NON-SURETY  ____ SURETY

____ cash  ____ property  ____ corporate surety ONLY

✓ SPECIAL CONDITIONS:  See bond paperwork

____ Defendant released.

____ Bond not executed. Defendant to remain in Marshal's custody.

____ Motion ( verbal) to reduce/revoke bond filed.

____ Motion to reduce/revoke bond  ____ GRANTED  ____ DENIED

____ See page 2

Order

☐ Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5 (f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady; Giglio v. United States,* 405 U.S. 150 {1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley,* 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

**WITNESSES:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**EXHIBITS:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____